People v Shaffer (2021 NY Slip Op 06245)





People v Shaffer


2021 NY Slip Op 06245


Decided on November 12, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, TROUTMAN, BANNISTER, AND DEJOSEPH, JJ.


791 KA 19-01433

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
LESTER SHAFFER, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE, DAVISON LAW OFFICE PLLC, CANANDAIGUA (MARY P. DAVISON OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JESSICA N. CARBONE OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Thomas J. Miller, J.), rendered April 29, 2019. The judgment convicted defendant upon a jury verdict of criminal possession of a controlled substance in the third degree and attempted criminal sale of a controlled substance in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) and attempted criminal sale of a controlled substance in the third degree (§§ 110.00, 220.39 [1]), for possessing and attempting to sell morphine. Defendant contends that the verdict is against the weight of the evidence. We reject that contention. In performing a weight of the evidence review, this Court essentially sits as a thirteenth juror, and we must "weigh the evidence in light of the elements of the crime[s] as charged to the other jurors" (People v Danielson, 9 NY3d 342, 349 [2007]). Here, viewing the evidence in light of the elements of the abovementioned crimes as charged to the jury (see id.), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). "Although a different result would not have been unreasonable, the jury was in the best position to assess the credibility of the witnesses and, on this record, it cannot be said that the jury failed to give the evidence the weight it should be accorded" (People v Dame, 144 AD3d 1625, 1626 [4th Dept 2016], lv denied 29 NY3d 948 [2017] [internal quotation marks omitted]; see People v Ruiz, 159 AD3d 1375, 1375 [4th Dept 2018]). Finally, contrary to defendant's further contention, the
sentence is not unduly harsh or severe.
Entered: November 12, 2021
Ann Dillon Flynn
Clerk of the Court